UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfonso ROCHA–GAYTAN,
Defendant–Appellant.

No. 06–40111
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Alfonso Rocha–Gaytan appeals his guilty plea conviction and sentence for being knowingly and unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326(a) & (b). He argues that the district court erred in determining that his 2004 Florida felony conviction for simple possession of cocaine was an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B). Rocha–Gaytan acknowledges that we have held that simple possession of cocaine is an aggravated felony under § 2L1.2(b)(1)(C) in *United States v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Rivera*, 265 F.3d 310, 312–13 (5th Cir. 2001), and *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). However, he argues that we overlooked *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), in reaching these decisions. Having preceded *Hinojosa–Lopez*, *Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short*, 181 F.3d 620, 624 (5th Cir.1999). Therefore, the district court did not err in characterizing Rocha–Gaytan's prior Florida conviction for simple possession of cocaine as an aggravated felony for purposes of § 2L1.2. *See Rivera*, 265 F.3d at 312–13; *see also Hinojosa–Lopez*, 130 F.3d at 693–94.

 Rocha–Gaytan's constitutional challenge to the sentencing provisions of § 1326 is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rocha–Gaytan contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rocha–Gaytan properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.